IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

D & D PARKS CONSTRUCTION, INC.                                        PLAINTIFF

v.                           Case No. 3:12-CV-03167

CENTURY SURETY COMPANY                                                 DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Currently before the Court are Defendant Century Surety Company's ("Century") Motion for Summary Judgment (Doc. 7) and brief in support (Doc. 8). Plaintiff D&D Parks Construction, Inc. ("D&D") failed to file a response in opposition to the Motion.

The Complaint in this case was originally filed in the Circuit Court of Baxter County, Arkansas, on November 15, 2012. The Complaint alleges that D&D, an Arkansas corporation, was sued by a couple named Charles and Lauri Martin because their home, which was built by D&D, contained certain construction defects. At the time the Martins' home was being constructed, D&D was covered under a commercial general liability policy issued by Century, an insurance company incorporated in Ohio with its principal place of business in Michigan. D&D contends it contacted Century regarding the Martins' lawsuit prior to the time the lawsuit proceeded to trial, but Century refused to accept liability. On May 4, 2011, the Martins prevailed against D&D in state court, and D&D was ordered to pay a judgment of $119,662.33, plus costs and interest. Now that D&D has paid the judgment in full, it brings suit against Century pursuant to the general liability policy's coverage provisions and asks for reimbursement of the costs it incurred as a result of the Martins' judgment.

Century removed the instant dispute to this Court on December 26, 2012, based on diversity

-1-

of citizenship pursuant to 28 U.S.C. § 1332. Shortly thereafter, on March 18, 2013, Century moved for summary judgment, asserting that it was not liable to D&D because D&D failed to comply with the notice provision of the insurance contract, which required Century to be notified of any pending claim as soon as practicable or, if the claim related to a pending lawsuit, at the time the lawsuit was brought.

Before examining the merits of the case, the Court observes that when faced with a summary judgment motion, the burden of proof is placed on the moving party to establish both the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Nat'l Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999). The Court must review the facts in a light most favorable to the party opposing a motion for summary judgment and give that party the benefit of any inferences that logically can be drawn from those facts. *Canada v. Union Elec. Co.*, 135 F3d 1211, 1212-13 (8th Cir. 1997). In order for there to be a genuine issue of material fact, the non-moving party must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In addition, the Eighth Circuit has held that a district court should not treat a plaintiff's failure to respond to a motion for summary judgment—as has occurred here—as sufficient justification to dispose of the motion without further analysis. *Canada*, 135 F.3d at 1213. Courts "should . . . proceed to examine those portions of the record properly before them and decide for themselves whether the motion is well taken." *Id.*

The Court has examined the entire record in this case. Of particular interest is the notice

provision in the insurance policy at issue, which states as follows:

>   a.  You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. . .
>
>   b.  If a claim is made or "suit" is brought against any insured, you must:
>
>      (1) Immediately record the specifics of the claim or "suit" and the date received; and
>      (2) Notify us as soon as practicable.
>
>      You must see to it that we receive written notice of the claim or "suit" as soon as practicable.
>
>   c.  You and any other involved insured must:
>
>      (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
>      (2) Authorize us to obtain records and other information;
>      (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and
>      (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.
>
>   d.  No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

(Doc. 7-5, pp. 9-10). The insurance contract also provides that a lawsuit for damages cannot be brought against Century "unless all of [the contract's] terms have been fully complied with." *Id.* at p. 10.

In support of the Motion for Summary Judgment, Century submits an affidavit from Martha Hart, the Assistant Vice President and Construction Defect Claims Manager for Century. Ms. Hart's affidavit affirms that the first communication Century received from D&D regarding the Martins' lawsuit occurred on or about June 30, 2011, well after judgment had entered against D&D. (Doc.

-3-

7-1, p. 1). Ms. Hart states that "[a]t no point in time prior to June 30, 2011 was Century Surety Company notified by Plaintiff of a claim asserted by the Martins, nor was Century Surety Company ever afforded an opportunity to investigate or defend any such claim." *Id.*

Ms. Hart attaches to her affidavit three exhibits, all of which post-date the entry of judgment against D&D in the state court case brought by the Martins. The first exhibit is a letter to D&D from Century's senior claims representative Charles Norris. (Doc. 7-2). This letter demonstrates that as of July 1, 2011, Century was conducting an investigation into the facts surrounding D&D's recent claim for losses, but was unaware at that time that an actual lawsuit had been filed—and judgment entered—against D&D. The second exhibit is Century's initial claim report on D&D, which states that the Century agent received notice of D&D's claim for losses on June 27, 2011, and the company received notice as of June 30, 2011. (Doc. 7-3). The third exhibit is Century's internal activity log, kept by Mr. Norris. (Doc. 7-4). The call log describes Mr. Norris's follow-up contact with D&D on its "new claim" for coverage. It appears from the call log that Mr. Norris first became aware of the existence of the Martins' lawsuit and resulting judgment against D&D on or about July 1, 2011.

Considering Century's uncontroverted evidence that D&D failed to provide timely notice of the existence of the Martins' lawsuit until after judgment had entered, the Court finds that D&D cannot recover under its insurance policy because D&D failed to meet the policy's clear and unambiguous notice provision that was a condition precedent to coverage. The Eighth Circuit has determined that "one party's failure to fulfill a condition precedent entirely excuses any remaining obligations of the other party." *AIG Centennial Ins. Co. v. Fraley-Landers*, 450 F.3d 761, 763 (8th Cir. 2006). In order to prevail, an insurance company need not show that it suffered prejudice as a result of its insured's lack of timely compliance with the notice provision. *Id.* at 767. *See also*

*Fireman's Fund Ins. Co. v. Care Mgmt, Inc.*, 2010 Ark. 110, at *10 (2010) ("In sum, it is well-settled law in Arkansas that an insured must strictly comply with an insurance-policy provision requiring timely notice where that provision is a condition precedent to recovery.").

Due to the lack of timely notice to Century of the Martins' pending lawsuit against D&D, Century was not afforded the opportunity to investigate and interpose a defense to the lawsuit prior to the entry of judgment. D&D is therefore barred from recovery against Century pursuant to the insurance policy, as D&D failed to present evidence to counter Century's proof that this case should be dismissed. *Conseco Life Ins. Co. v. Williams*, 620 F.3d 902, 909 (8th Cir. 2010) ("'When the movant makes a prima facie showing of entitlement to a summary judgment, the respondent must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact.'") (quoting *Flentje v. First Nat'l Bank of Wynne*, 340 Ark. 563 (2000)).

Therefore, for all the reasons set forth above, IT IS ORDERED that Defendant Century Surety Company's Motion for Summary Judgment (Doc. 7) is GRANTED. This case is DISMISSED WITH PREJUDICE, and judgment will enter contemporaneously with this Order.

IT IS SO ORDERED this 10th day of June, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE